ORIGINAL

Hendra.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
APR 19 2005
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
APR 13 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00024 |
| Plaintiff, ) | |
| ) | **AMENDED** |
| vs. ) | **PLEA AGREEMENT** |
| ) | |
| HENDRA a/k/a INDRA SETYAWAN, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, HENDRA, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging him with False Use of a Passport in violation of Title 18, United States Code, § 1543.

2(a) The defendant, HENDRA, understands that the <u>maximum</u> sentence for False Use of a Passport is a term of ten (10) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and

//

1  sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C.
2  § 3583(e)(3).
3      2(b) If defendant pleads guilty to this charge, the government will recommend that
4  defendant receive the minimum term of incarceration recommended by the Sentencing
5  Guidelines.
6      2(c) The government will recommend a fine within the Sentencing Guidelines range. If
7  defendant is financially unable to immediately pay the fine in full, defendant agrees to make a
8  full disclosure of his financial status to the United States Attorney's Office by completing a
9  Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule.
10 Defendant understands that, by law, interest accrues on any remaining balance of the debt.
11     3. The defendant understands that to establish a violation of False Use of a Passport as
12 charged pursuant to 18 U.S.C. § ~~1546~~ 1543(a), the government must prove each of the following
13 elements beyond a reasonable doubt:

First: the defendant [(a)] ~~knowingly~~ wilfully and (b) used or attempted to use a false passport in an attempt to enter the United States;

Second: ~~the defendant knew that the passport was false, altered, and did not belong to him.~~ (b) at the time he presented the passport he knew the passport had been altered and that he had no right to use it.(a)

17     4. The defendant agrees that the Sentencing Guidelines apply to this offense. The
18 defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2,
19 in calculating the applicable guidelines level. The Government and the defendant stipulate to the
20 following facts for purposes of the Sentencing Guidelines:
21     (a) The defendant was born in 1979, and is a citizen of Indonesia.
22     (b) If the defendant cooperates with the United States by providing information
23 concerning the unlawful activities of others, the government agrees that any self-incriminating
24 information so provided will not be used against defendant in assessing his punishment, and
25 therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used
26 in determining the applicable guidelines range.
27 //
28

(c) Defendant is a citizen of Indonesia. He purchased a passport belonging to Indra Setyawan; the passport also contained a visa for Indra Setyawan issued by the United States. The passport and visa had been altered in that defendant's photograph had been substituted for that of the true owner. Defendant presented the passport and visa at the Guam International Airport in an attempt to enter the United States. At the time he presented the passport, he knew he had no right to use it.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

5. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions

-3-

| | |
|---|---|
| 1 | about the offenses to which he has pled, under oath, and that if he answers these questions under |
| 2 | oath, on the record, his answers may later be used against him in prosecution for perjury or false |
| 3 | statement if an answer is untrue; |

    (g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    (h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense;

    (i) That this plea agreement has been translated into his native language and he fully understands it.

DATED: 4/12/05

HENDRA
Defendant

DATED: 4/12/05

JOAQUIN C. ARRIOLA, JR.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 4/13/05

By: KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 4-13-05

RUSSELL C. STODDARD
First Assistant U.S. Attorney